UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES MOUNCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>USAA GENERAL INDEMNITY COMPANY, a foreign corporation,<br><br>　　　　　Defendant. | CASE NO. 2:22-cv-1720<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |

This matter comes before the Court on Plaintiff Charles Mounce's motion to amend his complaint. Dkt. No. 24. Defendant USAA General Indemnity Company does not oppose Plaintiff's motion. Dkt. No. 30.

Courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). But courts should withhold leave when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,

there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

None of the circumstances set forth in *Foman* weighing against leave to amend are present here and Defendant does not oppose amendment. The Court therefore GRANTS Plaintiff's motion. Plaintiff must file the proposed amended complaint attached to his motion to amend within fourteen (14) days of this order. *See* LCR 15.

Dated this 13th day of September, 2023.

Jamal N. Whitehead
United States District Judge