UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES MOUNCE, an individual, | CASE NO. 2:22-cv-1720 |
| Plaintiff, | ORDER |
| v. | |
| USAA GENERAL INDEMNITY COMPNAY, a foreign corporation, | |
| Defendant. | |

## 1. INTRODUCTION

This case involves an insurance dispute between Plaintiff Charles Mounce and Defendant USAA General Indemnity Company about subrogated funds and claims handling. The parties filed cross motions for partial summary judgment, Dkt. Nos. 25, 27, and stipulated to the dismissal of certain claims. Dkt. No. 31. The Court has considered the papers submitted in support of and opposition to the motions, and being otherwise informed, finds oral argument unnecessary. For the reasons stated below, the Court DENIES the parties' motions for partial summary judgment. Dkt. Nos. 25, 27.

ORDER - 1

## 2. BACKGROUND

**2.1  The underlying dispute.**

The facts are straightforward in this insurance coverage matter. Mounce was injured in a motor vehicle accident while riding as a passenger in a car driven by Dale Ann Pyles. Dkt. No. 25 at 2-3. Another driver, Ryan Fox, caused the accident. *See id*. Pyles held a USAA insurance policy ("Policy") that included personal injury protection (PIP) benefits up to $10,000 and Underinsured Motorist (UIM) benefits up to $50,000 per person. *Id*. The Policy likewise prohibited the duplication of benefits and established USAA's right to recover through subrogation payments it made under the Policy. Dkt. No. 28-1 at 21-27, 38.

On October 9, 2017, USAA informed Mounce that he was covered under Pyles's PIP policy and explained its subrogation interest in damages received from Fox or his insurer, State Farm. Dkt. No. 26-1 at 48. Between November 2017 and October 2018, USAA paid Mounce's medical providers a total of $9,910.45 for his various treatments. Dkt. No. 28 ¶ 3; 50-53.

On January 11, 2018, USAA informed State Farm of its subrogation rights and requested payment. Dkt. No. 29-1 at 2. State Farm acknowledged USAA's subrogation lien on February 6, 2018, and informed USAA that it was "unable to address your subrogation lien" until Mounce's bodily injury claim was "resolved." Dkt. No. 26-1 at 53. According to USAA's subrogation adjuster, State Farm informed him that Mounce's liability claim was closed due to a "lack of response" from Mounce. Dkt. No. 29 ¶ 9; Dkt. No. 29-3 at 3.

On July 30, 2020, as the statute of limitations drew near, USAA filed for arbitration against State Farm. Dkt. No. 29 at 3-4. USAA never completed the inter-company arbitration, however, because State Farm issued USAA payment for the subrogated amount of $9,910.45 in early September 2020. Dkt. No. 29 ¶ 12.

On October 2, 2020, Mounce informed USAA that he was represented by counsel. Dkt. No. 26-1 at 61. On February 16, 2021, Mounce sent USAA an Insurance Fair Conduct Act (IFCA) notice stating that "USAA accepted settlement funds from the third party carrier when USAA was not entitled to those funds as Mr. Mounce was not fully compensated for his loss," and "USAA must immediately disgorge those funds and send them to Mr. Mounce to help compensate him for his loss." Dkt. No. 28-18 at 2-3. Mounce's IFCA notice was referring to State Farm's payment of $9,910.45 to USAA. *See* Dkt. No. 25 at 4.

Mounce proceeded to trial against Fox, and on April 7, 2022, the jury rendered a verdict for Mounce in the amount of $20,000. Dkt. Nos. 26 at 5; 27 at 9; 28-17 at 2-3. In a June 2, 2022, stipulation, State Farm agreed to a $3,687.84 cost bill and indicated that it "waived" the $9,910.45 PIP payment. Dkt. No. 33 at 29-30. Mounce and State Farm's stipulation provided State Farm would pay Mounce an additional $5,089.55 in exchange for Mounce forgoing an appeal and taking no further action against Fox or State Farm. *Id*. at 30.

**2.2    Procedural history.**

On December 2, 2022, USAA removed this case from Snohomish County Superior Court to this Court. Dkt. No. 1. Mounce had amended his complaint once

ORDER - 3

in state court. *See* Dkt. No. 1-3. On July 13, 2023, Mounce and USAA filed cross motions for partial summary judgment. Dkt. Nos. 25, 27. That same day, Mounce moved to amend his Complaint, stating "[s]ince initially amending the complaint, Plaintiff identified areas of clarifications to the amended complaint to make proceedings more efficient," and "[t]he purpose of this amendment is simply to update the amended complaint to add clarity and ensure proceedings run more smoothly." Dkt. No. 24. USAA filed a statement of "non-opposition" in response to Mounce's motion to amend. Dkt. No. 30. Neither party addressed whether the First Amended Complaint[1] would moot or alter their summary judgment arguments. *See* Dkt. Nos. 24, 30.

On July 27, 2023, the parties filed a stipulated dismissal of "all [Mounce's] contractual and extra-contractual claims related to USAA's reduced benefit payment based upon pre-existing Preferred Provider Organization ("PPO") agreements." Dkt. No. 31 at 1. Additionally, because Mounce was a class member in *Krista Peoples v. U.S. Auto. Assoc., et al.*, No. 18-2-16812-SEA (Wash. Super. Ct., King Cty.), the parties stipulated to "voluntarily dismiss[] all [Mounce's] contractual and extra-contractual claims related to USAA's reduced benefit payment based upon USAA's determination that the charged amount exceeded a reasonable amount for the service provided." *Id.* Finally, the parties stipulated that "[t]he question of whether USAA was required to disgorge the $9,910.45 subrogation

---

[1] The Court refers to Mounce's amended complaints before this Court as the "First Amended Complaint" and "Second Amended Complaint," without regard to his amendment in state court.

ORDER - 4

funds and tender the full amount to Plaintiff remains a disputed issue and is the sole issue remaining on Defendant's pending Motion for Partial Summary Judgment." *Id.* at 2.

On September 14, 2023, USAA filed a praecipe expanding on its summary judgment arguments and offering new information about Mounce's discovery responses. Dkt. No. 46. Mounce did not object or respond to the praecipe. *See* Dkt. On September 19, 2023, Mounce filed his Second Amended Complaint. Dkt. No. 48. Neither party struck nor refiled their summary judgment motion to discuss the Second Amended Complaint. *Id.*

Again, neither the stipulation nor the praecipe addressed Mounce's first or second amended complaints. *See* Dkt. Nos. 31, 46.

Generally, an original complaint is to be treated as nonexistent upon the filing of an amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). An exception to this rule may exist when the amended complaint is substantially identical to the original complaint. *See Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016). Here, the First Amended Complaint and Second Amended Complaint is substantially like the Complaint, as Mounce merely restates portions of his claims but includes no new substantive factual allegations or causes of action. *Comp.* Dkt. No. 1-3 *with* Dkt. No. 48.

Because the parties do not discuss the effect of the amended complaints in their previous filings, the Court construes their silence as agreement that the Complaint, First Amended Complaint, and Second Amended Complaint are

functionally interchangeable in the context of their pending summary judgment motions. In addition, because the parties agree about the scope of Mounce's claims, the Court will address the partial summary judgment motions as framed by the parties' stipulation.

The parties present their stipulation as a stipulated motion to dismiss some, but not all claims, against USAA. *See* Dkt. No. 31. But when a plaintiff wishes to drop certain claims, but not to dismiss any defendant, the proper procedure is to amend the complaint. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism 'where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'") (quoting 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.06–1, at 41–83 to –84 (1987)). The Court will treat the stipulation as simply an agreement between the parties that certain claims and allegations will not be pursued, but amendment under Rule 15 is the proper mechanism to formally excise claims from the complaint. The parties' stipulation will remain in force, but the Court declines to enter the parties' proposed order.

### 3. DISCUSSION

#### 3.1 Legal standard.

"[S]ummary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (internal citation omitted). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving

party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, courts must view the evidence "'in the light most favorable to the non-moving party.'" *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019) (internal citation omitted). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Summary judgment should also be granted where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**3.2    Mounce's motion for partial summary judgment.**

Mounce moves for summary judgment on three issues, requesting a ruling "as a matter of law" that (1) an insurer's right to subrogation arises after its insured is fully compensated; (2) funds received for PIP subrogation from an at-fault party "prior to full compensation" are owed to the insured; and (3) USAA violated Washington's Consumer Protection Act (CPA) when it retained the subrogated payment from State Farm. Dkt. No. 25 at 1. The Court finds that he is not entitled to summary judgment on these issues.

As to the first two requests, Mounce impermissibly seeks a general proclamation about the rights and duties of insureds and insurers without identifying the specific claim, "or part of each claim," on which he seeks summary judgment. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment,
ORDER - 7

identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."). The Court will not issue an advisory ruling, untethered from Mounce's claims and with no factual support to guide how the law might turn on these contested issues.

This leaves only Mounce's motion for partial summary judgment on his CPA claim against USAA. Mounce argues that USAA acted deceptively "when it acted without reasonable justification in handling the claim by its insured Mr. Mounce." Dkt. No. 25 at 10. He argues USAA committed other deceptive acts when it "obtained the PIP reimbursement before [he] had been compensated for anything[,]" and that "USAA continued to retain the PIP reimbursement even after it was made aware that Mr. Mounce had retained counsel and was pursuing his injury claims." Dkt. No. 25 at 10. Mounce also alleges that he was prejudiced in his negotiations with Fox by USAA's retention of the subrogation funds and that USAA violated WAC provisions. *See id.* at 11.

To prevail on his CPA claim, Mounce must show: (1) an unfair or deceptive act (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act complained of and the injury suffered. *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1107 (Wash. 2015). Mounce recites the test for each of these elements, but he does not seriously engage them as a whole to show that liability has been established. Mounce must satisfy every element of his CPA claim, so the Court need not analyze every element if even one is missing. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 539-40 (Wash. 1986).

Issues of material fact preclude a finding that Mounce has satisfied the injury and causation elements of his CPA claim. Mounce argues in conclusory fashion that he was harmed when USAA withheld the subrogation funds, which delayed and prolonged his litigation against Fox. While "[t]he injury element under the CPA is broadly defined," it still requires "proof the plaintiff's property interest or money [were] diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Folweiler Chiropractic, PS v. Am. Fam. Ins. Co.*, 429 P.3d 813, 819 (Wash. Ct. App. 2018), *abrogated by Schiff v. Liberty Mut. Fire Ins. Co.*, 542 P.3d 1002 (Wash. 2024); *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 899 (Wash. 2009) (internal quotation marks omitted). Mounce's entire injury theory presumes he is owed the subrogation funds, but whether he is owed anything is very much in dispute. Similarly, inconvenience and expense in prosecuting his CPA claim will not support Mounce's claim of injury to business or property. *See Lock v. Am. Fam. Ins. Co.*, 460 P.3d 683, 695 (Wash. Ct. App. 2020). Without more, Mounce has failed to demonstrate in a way that passes Rule 56 muster that he has suffered an injury.

Mounce fairs no better when it comes to causation. Causation is generally satisfied where, "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Panag*, 204 P.3d at 900. "Causation under the CPA is a factual question to be decided by the trier of fact." *Deegan v. Windermere Real Est./Ctr.-Isle, Inc.*, 391 P.3d 582, 587 (Wash. Ct. App. 2017). Mounce offers nothing more than tautologies and circular reasoning, arguing the "deceptive and unfair act is casually related to the damages because the deceptive and unfair act

ORDER - 9

caused the complained damages." Dkt. No. 25 at 13. For proof, Mounce argues—but does not show—that his bargaining power with State Farm was diminished because USAA retained the subrogation funds. Indeed, Mounce does nothing to dispel the notion that it was the weakness of his personal injury claim, as USAA suggests, that most impacted his failed settlement negotiations and not USAA's retention of the subrogation funds.

Moreover, Mounce's theory of damages is intertwined with the underlying personal injury litigation, which is problematic because "[p]ersonal injuries are not compensable damages under the CPA and do not constitute an injury to business or property." *Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1310 (W.D. Wash. 2013) (citing *Ambach v. French*, 167 Wash. 2d 167, 172, 216 P.3d 405, 408 (2009)).

The case law that Mounce relies on is either inapposite or unpersuasive. For instance, Mounce cites *Thiringer v. Am. Motors Ins. Co.* for the proposition that USAA could not be compensated for its losses until he was "made whole." 588 P.2d 191, 194 (Wash. 1978). *Thiringer* states, "while an insurer is entitled to be reimbursed to the extent that its insured recovers payment for the same loss from a tortfeasor responsible for the damage, it can recover only the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss." 588 P.2d at 193. *Thiringer* does not answer, however, whether Mounce has been "made whole," or more precisely, whether he suffered an injury within the meaning of the CPA because of USAA's actions.

To the contrary, evidence in the record shows that Mounce has received a jury verdict of $20,000 as well as an additional $5,089.55 from State Farm. *See* Dkt.

ORDER - 10

No. 33 at 29-30. Mounce provides a "medical expense summary" his counsel created and points to Fox's medical expert as well as "perpetuation testimony," but neither of these facts answer definitively whether he has or has not been "made whole"—or been injured—as a result of USAA's retention of the $9,910.45. *See* Dkt. No. 33 at 5-9, 11, 13. Indeed, a jury has already determined Mounce's general damages from the accident and the CPA's "statutory exclusion of recovery for personal injuries prevents a plaintiff from claiming expenses for personal injuries as a qualifying injury in and of itself." Dkt. No. 28-15 at 2; *Ambach*, 216 P.3d at 409 (citation omitted).

Whether USAA's retention of the subrogation funds from State Farm injured Mounce, in negotiations or otherwise, is a question of fact for the jury. *Deegan*, 391 P.3d at 587. Accordingly, Mounce's motion for partial summary judgment is DENIED.

**3.3   USAA's motion for partial summary judgment.**

Per the parties' stipulation, the Court only considers USAA's argument that Mounce is not entitled to disgorgement of the $9,910.45. Dkt. No. 27 at 3. Specifically, USAA argues "disgorgement of subrogated funds is not the proper measure of damages where the insured was fully compensated for his accident-related damages and where there is no evidence that Plaintiff has uncompensated damages." *Id.*

As with Mounce's motion, USAA fails to tether its disgorgement argument to any claim or defense. *See* Fed. R. Civ. P. 56. While Mounce's opposition is mostly

unhelpful, he does manage to identify the issue with USAA's focus on "disgorgement." *See* Dkt. No. 32 at 5-7. Disgorgement is a remedy, not a claim. *See, e.g., Bertelsen v. Harris*, 537 F.3d 1047, 1057 (9th Cir. 2008)).

USAA effectively requests an advisory ruling that Mounce has no right to the remedy of disgorgement as the measurement of Mounce's damages without attacking the elements of Mounce's specific claims. That Mounce uses the term "disgorgement" unartfully to argue he is owed the subrogation funds is beside the point, as USAA's focus on "disgorgement" fails to challenge a specific claim on which summary judgment is sought. Fed. R. Civ. P. 56(a). The relevant, and unanswered questions, are whether Mounce has suffered an injury, and whether he can show that it was caused by USAA's allegedly deceptive or unfair acts.

Accordingly, USAA's motion for partial summary Judgment is DENIED.

### 4. CONCLUSION AND ORDER

For these reasons, the parties' motions for partial summary judgment are DENIED.

It is so ORDERED.

Dated this 25th day of March, 2024.

Jamal N. Whitehead
United States District Judge