1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES MOUNCE,

　　　　　Plaintiff,

　　v.

USAA GENERAL INDEMNITY
COMPANY,

　　　　　Defendant.

CASE NO. 2:22-cv-1720

ORDER

This matter comes before the Court on Plaintiff Charles Mounce's motion for leave to file a second motion for partial summary judgment. Dkt. No. 68. Mounce previously moved for summary judgment on three issues, requesting a ruling "as a matter of law" that (1) an insurer's right to subrogation arises after its insured is fully compensated; (2) funds received for PIP subrogation from an at-fault party "prior to full compensation" are owed to the insured; and (3) USAA violated Washington's Consumer Protection Act (CPA) when it retained the subrogated payment from State Farm. Dkt. No. 25 at 1. The Court denied Mounce's motion, finding he was not entitled to summary judgment on any of these issues. Specifically, Mounce impermissibly sought general proclamations and the Court

**ORDER** - 1

declined to issue an advisory ruling on Mounce's first two requests. As for the third issue, the Court denied summary judgment because issues of material fact persisted about the injury and causation elements of Mounce's CPA claim.

Now, Mounce seeks leave to file another partial summary judgment motion about whether USAA owed Mounce "reimbursement for costs and attorney fees under the *Mahler* and *Winters* line of cases." Dkt. No. 68 at 4.

USAA argues it would be frivolous to allow a summary judgment motion on *Mahler* fees given that Mounce does not include a breach of contract cause of action for *Mahler* fees. Dkt. No. 71 at 3. Further, USAA claims there are no new or additional facts that make this issue ripe in light of the Court's prior decision finding that whether "USAA's retention of the subrogation funds from State Farm injured Mounce . . . is a question of fact for the jury." *Id.* at 3-4 (quoting Dkt. No. 55 at 9, 11).

In reply, Mounce argues it adequately plead its breach of contract claim and that it seeks judgment on a question of law: whether USAA owes a *Mahler* fee after the underlying verdict and post-trial settlement. Dkt. No. 72 at 2.

"[D]istrict courts have discretion to permit successive motions for summary judgment" but also must "weed out frivolous or simply repetitive motions." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). In exercising its discretion, district courts may consider three factors, including intervening changes in controlling law, the availability of new evidence and (3) the need to correct clear error or prevent manifest injustice. *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2017 WL 5881322, at *3 (W.D. Wash. Nov. 29, 2017) (cleaned up) (quoting *Brazil v.*

**ORDER** - 2

1

2

*Cal. Northstate Coll. of Pharm., LLC*, No. CIV. 2:12-1218 WBS GGH, 2013 WL
4500667, at *1 (E.D. Cal. Aug. 22, 2013).

3

4

5

6

7

8

Based on the limited description of Mounce's intended motion, it is unclear to
the Court that he is attempting to file a "repetitive" motion—he appears raise
slightly different grounds than the first round. In his prior motion, Mounce sought a
declaration of law about general duties and rights of an insured. Now, Mounce
appears to seek summary judgment on an element of his breach of contract claim.
Also, Mounce's motion does not appear patently frivolous.

9

10

11

Accordingly, the Court GRANTS Mounce's motion and GRANTS him leave to
file a second motion for partial summary judgment within 14 days of the date of this
Order. The Court will issue a new scheduling order consistent with this Order.

12

13

14

Dated this 17th day of September, 2024.

15

16

17

Jamal N. Whitehead
United States District Judge

18

19

20

21

22

23

**ORDER** - 3