UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES MOUNCE, | CASE NO. 2:22-cv-1720 |
| Plaintiff, | ORDER |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant USAA General Indemnity Co.'s motion to exclude certain opinions reached by Plaintiff's expert Michael Chan. Dkt. Nos. 73, 78. The Court has considered the papers submitted in support of, and opposition to, the motion and the remaining files on record. USAA's motion is GRANTED in part, as explained below.

This case involves an insurance dispute between Mounce and USAA about subrogated funds and claims handling. The Court described this dispute in detail in a previous order and will not recount the events here. *See* Dkt. No. 55. Mounce retained licensed chiropractor Michael W. Chan, DC, to "to review [Mounce's] medical treatment and issue an opinion as to whether or not it was appropriate and

- 1

whether the charges were reasonable." Dkt. Nos. 74-13; 80 at 3. Chan relied on his "expertise as an accident reconstructionist, an injury biomechanist, and a practicing chiropractor" to reach several opinions about Mounce's alleged injuries and course of treatment. Dkt. No. 74-12 at 5. Chan also relied on his experience as owner of the Integrative Injury Clinic, where he employs a physical therapist for whom he sets the billing rates.

USAA does not seek to exclude Chan entirely—it concedes that he is qualified to opine on chiropractic treatment and its associated costs. Dkt. No. 73 at 7–8. But it argues that Chan lacks "the requisite knowledge, skill, experience, training, or education" to render the opinions below and thus seeks to exclude them:

> (1) plaintiff's March 6 through May 23, 2018 physical therapy treatment was reasonable and necessary due to the October 3, 2017 accident; (2) the $2,805 that Aurora Village Physical Therapy charged plaintiff for dates of service from March 6 through May 23, 2018 was reasonable and within the norms billed by similar providers; (3) plaintiff's December 11, 2018 treatment with Steven Taylor, M.D. was reasonable and necessary; and (4) the $143 Dr. Taylor charged plaintiff for the December 11, 2018 date of service was reasonable and within the norms billed by similar providers.

Dkt. No. 73 at 1.

"Rule 702 of the Federal Rules of Evidence tasks a district judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Hyer v. City & Cnty. of Honolulu*, No. 23-15335, __ F.4th ___, 2024 WL 4259862, at *4 (9th Cir. Sept. 23, 2024) (quoting *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022)). The district court has "broad discretion" in rendering such evidentiary rulings. *Id.* (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017)).

Chan is a qualified expert, but he should not be allowed to testify about all the matters in his report and deposition. Chan opines as follows:

> It is my opinion that the 10/03/2017 collision that Mr. Mounce was involved in caused injuries to the neck and back. The amount of force seen in this collision is undoubtedly sufficient to cause the injuries that were diagnosed, especially when you take into account the factors that put Mr. Mounce more at risk for acute and chronic injuries. Although he had some pre-existing musculoskeletal conditions, it is my opinion that the treatment received by Mr. Mounce was causally related to the 10/03/2017 collision on a more probable than not basis. The cost was reasonable and within the norms billed by similar providers throughout the country, as well as the Pacific Northwest.

Dkt. No. 74-12 at 4–5. But to reach these conclusions about the reasonableness and necessity of *all* treatments and their associated costs would require Chan to step outside his demonstrated skill and experience in the field of chiropractic medicine. Chan is neither a trained nor licensed medical doctor, so it would be inappropriate for him to offer opinions to a jury about the need for, or costs of, treatments provided by Dr. Steven Taylor, a physiatrist. That Chan's specialty may share certain medical billing codes with services provided by Dr. Taylor does not render Chan qualified to opine about whether medical treatment was reasonable or necessary.

Whether Chan may offer opinions about physical therapy and its cost is a closer call. As a chiropractor, Chan uses "therapy modalities" that are also used by physical therapists, and as the owner of Integrative Injury Clinics, he employs and sets the rates for a physical therapist. Accordingly, the Court finds that Chan has the requisite knowledge to testify as an expert on the reasonableness, need for, and cost of Mounce's physical therapy treatments. To be sure, USAA mounts a colorable

ORDER - 3

challenge to Chan's bona fides as a physical therapy expert, but it does not go to admissibility. "Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable. The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

In sum, USAA's motion is GRANTED in part and Chan may not testify that "plaintiff's December 11, 2018 treatment with Steven Taylor, M.D. was reasonable and necessary; and (4) the $143 Dr. Taylor charged plaintiff for the December 11, 2018 date of service was reasonable and within the norms billed by similar providers." USAA's motion is denied in all other respects.

Dated this 1st day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 4